STATE OF NORTH CAROLINA v. ROOSEVELT ALPHIN
Nos. 694SC465 AND 694SC466

(Filed 17 December 1969)

**1. Criminal Law §§ 159, 166—    consolidated prosecution — records and briefs on appeal**

Where prosecution on separate bills of indictment charging felonious larceny was consolidated for judgment and only one judgment was entered, it was improper to file separate records and briefs in the Court of Appeals.

**2. Criminal Law § 155.5—    record on appeal — failure to docket on time**

Defendant's appeal is subject to dismissal where the record on appeal was not docketed within 90 days after the date of the judgment, nor was any order entered within that time by the trial tribunal, for good cause, extending the time to docket the record on appeal in the Court of Appeals. Rule of Practice in the Court of Appeals No. 5.

**3. Criminal Law § 155.5—    record on appeal — expiration of time for docketing — power of trial court**

Where more than eight months had elapsed from the date of the judgment appealed from, the judge of the superior court had no power to enter an order purporting to extend the time for docketing the record on appeal in the Court of Appeals.

**4. Criminal Law § 156—    petition for certiorari**

Where time for docketing record on appeal in the Court of Appeals has expired, defendant's proper remedy is to file a petition for *certiorari*.

APPEAL by defendant from *Peel, J.,* 26 August 1968 Criminal Session of DUPLIN Superior Court.

At the August 1968 Session of Duplin Superior Court the defendant was brought to trial on two separate bills of indictment charging him with felonious larceny. Defendant was found to be an indigent and counsel was appointed by the court to represent him at

his trial. He pleaded guilty, the cases were consolidated for judgment, and defendant was sentenced to imprisonment for a term of not less than four nor more than six years. In open court he gave notice of appeal. However, no counsel was appointed to represent defendant on his appeal, and the appeal was not perfected in apt time. On 12 May 1969, after the time for docketing the record on appeal had expired, this matter came to the attention of the judge of superior court assigned to hold the courts of the Fourth Judicial District, who on that date entered an order appointing defendant's trial counsel to represent him and directing said counsel to perfect the appeal in this matter for the defendant. This order allowed defendant 40 days in which to serve case on appeal and the State 20 days thereafter to serve exceptions or countercase. On 30 June 1969 the judge of superior court entered an order further extending the time for defendant to serve case on appeal until 1 August 1969 and allowing the State 20 days thereafter to file exceptions or countercase. This latter order also purported to extend the time to docket the case on appeal in the Court of Appeals to and including 5 September 1969. Defendant's counsel prepared a record on appeal in each case and after service was accepted by the State docketed both records in this Court on 8 August 1969.

*Attorney General Robert Morgan and Assistant Attorney General Millard R. Rich, Jr., for the State.*

*Grady Mercer, Sr., for defendant appellant.*

PARKER, J.

**[1]**   Both records filed herein are identical except that they contain the separate bills of indictment. Separate but identical briefs were filed. This was improper. The cases were consolidated for judgment and only one judgment has been entered. We have therefore consolidated the cases and consider them as constituting a single appeal.

**[2]**   Judgment in this case was entered at the August 1968 Criminal Session of Duplin Superior Court. The record on appeal was not docketed within 90 days after the date of the judgment, nor was any order entered within that time by the trial tribunal, for good cause, extending the time to docket the record on appeal in this Court. This appeal is, therefore, subject to dismissal for defendant's failure to comply with the rules of this Court. Rule 5 of the Rules of Practice of the Court of Appeals.

**[3, 4]**   When the judge of superior court holding the courts of the

Fourth Judicial District entered his order dated 12 May 1969 directing defendant's trial counsel to represent him in perfecting the appeal, more than eight months had elapsed from the date of the judgment appealed from. When he entered the order dated 30 June 1969 purporting to extend the time for docketing the record on appeal in this Court, approximately ten months had elapsed from the date of the judgment appealed from. The judge of superior court, while exhibiting commendable concern to protect the rights of the defendant, had no power to vary or modify the rules of the Court of Appeals. Defendant's proper remedy would have been to file a petition for certiorari.

Treating defendant's appeal as a petition for certiorari, we have carefully reviewed the record and can find no error. Defendant, represented by counsel, entered pleas of guilty to two charges of felonious larceny. He does not contend, and nothing in the record would indicate, that his pleas were other than freely, intelligently, and voluntarily entered. The sentence imposed was within statutory limits.

No error.

CAMPBELL and GRAHAM, JJ., concur.